UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eugene Paul Harrison, Sr. | ) C/A No. 2:13-2427-RMG-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Ms. Reshanda Jennings, *Store Manager*; Mr. Stephen Harvey, *District Manager*, | ) |
| Defendants. | ) |

Plaintiff, Eugene Paul Harrison, Sr, proceeding pro se and in forma pauperis, brings this action against the Defendants alleging that they violated Plaintiff's constitutional rights of freedom of speech and religion. Plaintiff seeks injunctive relief and monetary damages. Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "Seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i), (ii), (iii). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory



may be dismissed sua sponte. <u>Neitzke</u>, 490 U.S. at 327. Additionally, while this Court is required to liberally construe pro se documents, <u>Estelle v. Gamble</u>, 429 U.S. at 106, holding them to a less stringent standard than those drafted by attorneys, <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 (1980) (per curiam), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## DISCUSSION

Plaintiff alleges that on July 24, 2013 at 3 p.m., Defendants, who are employees of a Wal-Mart store in Georgetown, South Carolina, told Plaintiff, Plaintiff's wife, and their Full Gospel Ministry, to leave the store premises because they were "ministrings (sic) the Bible and praying for people at [a] bake sale." Complaint, ECF No. 1, p. 3. Plaintiff alleges that his Full Gospel Ministry had previously applied through the store's fund raiser rules and been accepted to conduct a bake sale to obtain donations for homeless people, which began on July 23, 2013. However, Plaintiff alleges that, on July 24th, Defendant Jennings told Plaintiff to leave and not to come back, because "[Plaintiff] cannot preach or teach God's Word to anyone while bake saling (sic) [because] we [are] breaking the law." Complaint, ECF No. 1, p. 4. Plaintiff alleges that he called Defendant Harvey to bring this to his attention, but Defendant Harvey "refused to talk about the matter." Complaint, ECF No. 1, p. 3. Plaintiff seeks $3 million in damages, "for harassment and embarrassment, and pain and suffering," the termination of Defendant Jennings as store manager, and the reprimand of Defendant Harvey. Complaint, ECF No. 1, p. 5.

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction,



"constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. V. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) [citing Lehigh Mining & Mfg. Co. V. Kelly, 160 U.S. 337 (1895)]. Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") ["Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"]. Further, although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

A plaintiff must allege facts essential to show jurisdiction in his pleadings. See Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) [citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)]. To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, 191 F.3d at 399 [citing 2 Moore's Federal Practice § 8.03[3](3d ed. 1997)]. Nevertheless, if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id. A review of Plaintiff's filings establishes that the Court lacks jurisdiction in this case.



3

Generally, a case can be originally filed in a federal district court only if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. While the Complaint can be read as an attempt to state a claim for discrimination under 42 U.S.C. § 1983, which would constitute "federal question" jurisdiction, in order to state a cause of action under § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law. American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). There is no allegation that the Defendants here have acted under color of state law. Both are private citizens employed by a private business, not public employees. Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937; see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen  Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991).



Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or entity is "a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). There is no allegation here to suggest that the Defendants' actions were anything other than purely private conduct. Thus, Plaintiff has failed to state a claim under § 1983.

Alternatively, to the extent that Plaintiff may be attempting to set forth a cause of action based in state law, this Court again does not have jurisdiction to hear it. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corr. V. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claim, if any. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) '"[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. While a civil action for a state-law claim would be cognizable in this Court under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, Plaintiff's Complaint and proposed service documents indicate that the parties to this action are all residents of South Carolina, so diversity of citizenship does not exist. Accordingly, this Court has no diversity jurisdiction over this case.



## **RECOMMENDATION**

Based on the forgoing, it is recommended that the Court dismiss the Complaint in the above captioned case, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 16, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

