IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eugene Paul Harrison, Sr., | ) |
| Plaintiff, | ) No. 2:13-cv-2427-RMG |
| v. | ) **ORDER** |
| Ms. Reshanda Jennings, *Store Manager*, | ) |
| Mr. Stephen Harvey, *District Manager*, | ) |
| Defendants. | ) |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss this action without prejudice and without issuance of service of process pursuant to 28 U.S.C. § 1915. (Dkt. No. 11). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff, proceeding pro se and in forma pauperis, alleges that Defendants, employees of a Walmart store in Georgetown, South Carolina, violated his constitutional rights by forcing him and his ministry to leave the store premises while they were ministering and praying for people at a bake sale. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of the complaint pursuant to the provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Magistrate Judge then issued the present R&R recommending this case be dismissed

without prejudice and without issuance of service of process. (Dkt. No. 11). Plaintiff failed to file timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

The Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. The Court agrees

with the Magistrate Judge that Plaintiff has failed to invoke the jurisdiction of this Court. Even under the liberal standards accorded to pro se pleadings, Plaintiff cannot state a constitutional claim under 42 U.S.C. § 1983 because Walmart employees do not act under color of state law. Further, Plaintiff has not plausibly alleged that Defendants are residents of states other than South Carolina. Thus, as stated by the Magistrate Judge, Plaintiff has failed to establish jurisdiction under either 18 U.S.C. §§ 1331, 1332, or 1367.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 11). Accordingly, the Court dismisses this action without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 7, 2013
Charleston, South Carolina

3